(113 App. Div. 31)

## LUCAS v. SMITH.

(Supreme Court, Appellate Division, Second Department. May 4, 1906.)

1. BROKERS—COMPENSATION—WHEN EARNED.

An architect employed by an owner to find capitalists willing to construct a hotel on the owner's land in consideration of his appointment as architect for the construction of the building, procured capitalists willing and able to finance the undertaking. At a meeting between the capitalists and the owner, it was agreed that the architect should be employed as architect in the construction of the hotel. The scheme failed because of the refusal of the owner to carry out his part of the contract. *Held*, that the architect was entitled to the benefit of the contract; the owner having defeated his employment by refusing to comply with the terms of the agreement.

2. SAME—PLEADING—COMPLAINT—SUFFICIENCY.

The complaint in an action by an architect for compensation for procuring capitalists ready and willing to undertake the construction

of a hotel, alleged that his right to compensation depended on his procuring satisfactory arrangements for the erection of a hotel on the land then owned by defendant; that he procured the capital to construct the hotel on terms agreeable to defendant on such premises and on premises subsequently purchased by defendant and on land owned by other parties. *Held*, that the complaint alleged performance by the architect of his contract of employment and stated a cause of action.

Appeal from Trial Term, Westchester County.

Action by Louis Herbert Lucas against Andrew H. Smith. From a judgment for plaintiff and from an order denying a motion for new trial on the minutes defendant appeals. Judgment and order affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

H. B. Closson, for appellant.
Isaac N. Mills, for respondent.

WOODWARD, J. The facts in this case which are comparatively simple, and which have been found by the jury, have been discussed with impressive elaboration on the part of counsel, without showing any conclusive reason why the judgment in favor of the plaintiff should be disturbed. The plaintiff is an architect. He had been employed by the defendant and the defendant's son (who was an original party to this action, but who has since died, the action being continued against the defendant alone) in making some alterations in buildings located at Forty-Second street, near Madison avenue in the borough of Manhattan, and, while thus employed, had learned that the defendant had in mind the use of the premises as a site for a hotel. Knowing this fact the plaintiff entered into negotiation with the defendant to find capitalists who should be willing to construct the hotel upon the defendant's property, and it is not disputed that the defendant contracted with the plaintiff that if the latter would secure the capitalists who were ready, willing, and able to construct a hotel upon the premises in accord with the defendant's ideas, the plaintiff should be compensated by being employed as architect upon the building at the usual rate of 5 per cent. upon the cost of construction, although the defendant now contends that the contract was that he would use his influence to secure such employment of the company which was to be organized for the purpose of constructing the building, but this is entirely immaterial, for upon the facts which the jury must be deemed to have found, the plaintiff was actually employed for this purpose, and he brings this action to recover damages for a breach of this contract, due to the defendant withdrawing from the arrangement which was duly entered into after protracted negotiations.

It is conceded that it was the duty of the plaintiff, in order that he be entitled to compensation, that the agreement should be proved that he was to be given the employment as architect upon finding the capitalists who were ready, willing, and able to enter into the scheme upon terms to be agreed to by the defendant; that it was necessary to show that the plaintiff found such capitalists and brought them into relations with the defendant which resulted in a mutual agreement for the construction of the hotel, and that the enterprise failed of being carried

out, not because the capitalists refused to go on, but because the defendant refused to go on, and to execute the written contract which would have bound him as against the capitalists. These various propositions were fully established by the evidence, under a charge which was certainly as favorable to the defendant as he was entitled to, and we are persuaded that the judgment and order appealed from should not be disturbed by this court.

It seems that the defendant and his son owned a certain piece of real estate on Forty-Second street, near Madison avenue, nearly opposite the Manhattan Hotel, and they had conceived the idea of constructing a new hotel of the same general class upon their premises, but lacked the necessary capital. The plaintiff, knowing these facts, upon a definite employment, undertook to find the capital, and it is not disputed that he did find capitalists who were ready, willing, and able to finance the undertaking upon terms which were satisfactory to the defendant; the final agreement being reached on the 25th day of June in the year 1901. This agreement which went into the details of the scheme, and which contemplated the purchase of certain other property adjacent to that of the defendant, is to be spelled out of certain correspondence between the various parties who were interested as capitalists, and as tenants of the proposed hotel, it being arranged that a company should be organized to conduct the same, and to have a lease of the property for a period of 21 years, with rentals ranging from $110,000 the first year to $130,-000, and from the testimony of the parties as to what took place at the meeting of June 25, 1901, when all of the parties interested were present, and it cannot be doubted that there was, on this date, a full meeting of the minds of the parties upon a definite scheme for the construction of a hotel to cost $850,000. This plan was so well worked out at this meeting that directions were left for reducing the same to writing for the purpose of signature, and it was agreed that one Mr. Chesebrough should become the manager of the contracting parties, for the purpose of determining any matters of detail which might arise. Immediately after this meeting the defendant and his son telegraphed and wrote letters withdrawing from the scheme; but subsequently made demands for further concessions in relation to matters which were either not before the meeting of June 25th, or had been determined differently at such meeting. Some of these were acceded to, and the defendant evidenced great anxiety to have the contract, as thus modified at his request, put into force at once, but he seems to have had reactionary periods, and before any contract was actually signed, binding as between the parties, he repudiated the whole transaction and the enterprise failed. At the meeting of June 25, 1901, it was agreed among the contracting parties that the plaintiff should be employed as architect in the construction of the hotel, and the scheme having fallen because of the retirement of the defendant, the plaintiff claims the right to the value of his contract, and the jury has found the facts in his favor. It has been established by a long line of judicial decisions, clearly and concisely stated in Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 382, 38 Am. Rep. 441, that the "fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and seller to an agree-

ment for a sale, and the price and terms on which it is to be made, and until that is done his right to commissions does not accrue." This is the rule to be applied in the present case, and the plaintiff has fully established by the evidence that he brought about an agreement between the defendant and certain capitalists, whose ability to perform is not questioned, by which the defendant was to have a certain fixed interest in the hotel property which was to be brought into existence under the terms and conditions of such agreement. Why then should there be any question as to his right to the benefits of his contract? The contract between the parties provided that he should be employed as architect, and the defendant has defeated that employment by refusing to comply with the terms of his agreement with the capitalists who were brought into the enterprise by the plaintiff, acting in behalf of the defendant.

The defendant urges on this appeal that the court should have dismissed the complaint at the opening of the case, because it is alleged that it does not state facts sufficient to constitute a cause of action. This contention is based on the proposition that the plaintiff alleges that his right to commissions depended upon his procuring satisfactory arrangements for "the erection of a hotel structure upon said land then owned by said defendants," and that it is not alleged that the plaintiff ever performed this undertaking. This is suggested because the plaintiff alleges that the hotel to be constructed was to be built in part "upon land of other parties." An examination of the pleadings, which are to be fairly and intelligently construed, shows that the plaintiff alleges the employment under the terms heretofore mentioned to procure the capital to construct a hotel upon the premises owned by the defendant, and that he alleges a performance of these conditions by procuring certain individuals and corporations who were ready, willing and able to construct such hotel upon terms agreeable to the defendant upon such premises, and upon premises subsequently purchased by the defendant, and upon lands owned by other parties; and this was fully established by the evidence. It is entirely plain that as the plan developed it became necessary to have other lands to meet the requirements of all the parties. The hotel was to be constructed upon the lands owned by the defendant, and on such other lands as should be acquired under the terms of the agreement, and when the plaintiff had brought about the agreement of the parties he had earned his commissions. We have examined the various points suggested by defendant, but none of them appears to us to justify a reversal of this judgment, which seems to be in harmony with the law as expressed in Sibbald v. Bethlehem Iron Co., 83 N. Y. 383, 384, 38 Am. Rep. 441, and authorities cited.

The judgment and order appealed from should be affirmed, with costs. All concur.